UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark E. Eiler,                                                    Civil No. 08-5496 (PAM/FLN)

            Plaintiff,

v.                                                                **MEMORANDUM AND ORDER**

City of Kandiyohi, Minnesota,

            Defendant.

---

This matter is before the Court on Defendant's Motion for Summary Judgment and Plaintiff's Motion for Preliminary Injunction. For the reasons that follow, the Motion for Preliminary Injunction is denied and the Motion for Summary Judgment is granted.

**BACKGROUND**

Plaintiff Mark Eiler owned property in Kandiyohi, Minnesota. This property was zoned B-2, which is designated as Highway/Commercial Zone. There was a vacant apartment complex on the land, which was a legal non-conforming use under Kandiyohi's zoning ordinance. In August 2007, Kandiyohi offered to buy the property from Eiler for $40,000. Eiler eventually counteroffered $60,000, and the parties settled on a sale price of $45,000. Eiler asked for, and received, permission to lease back the property until September 30, 2008, so that he could remove any personal property, including the building, from the land.

Eiler did not remove the building or other property by the end of September. The lease agreement provided that any personal property on the land at the expiration of the lease

would be deemed abandoned and Kandiyohi could dispose of the property any way it chose.

Kandiyohi took possession of the property at the expiration of the lease, and Eiler, proceeding pro se, brought this action contending that Kandiyohi violated his constitutional rights. He moved for a preliminary injunction to prevent Kandiyohi from demolishing the building. Kandiyohi now seeks summary judgment on Eiler's claims.[1]

**DISCUSSION**

**A.      Standard of Review**

    **1.      Summary Judgment**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of

---

[1] Eiler filed an untimely response to Kandiyohi's Motion on the day before the hearing. His response raises a host of alleged discovery abuses and objections to the evidence Kandiyohi has presented in support of its Motion. Most of his objections are more appropriate for trial and are not relevant to consideration of a motion for summary judgment. The response does not address the legal basis for Kandiyohi's Motion.

material fact and that it is entitled to judgment as a matter of law. Id. at 323; Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

### 2. Preliminary Injunction

A preliminary injunction may be granted only if the moving party can demonstrate: (1) a likelihood of success on the merits, (2) that the movant will suffer irreparable harm absent the injunction, (3) that the balance of harms favors the movant, and (4) that the public interest favors the movant. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). Injunctive relief is considered to be a "drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993).

### B. Taking

One of Eiler's claims is that Kandiyohi's possession of the property amounts to a taking under the Fifth Amendment. However, takings are prohibited by the Constitution only if they are accomplished "without just compensation." U.S. Const. Amend. V. There is nothing in the record to indicate that $45,000 was anything other than just compensation for the land at issue. Eiler contends that he did not want to sell the property and that $45,000 was not a fair price given the extensive improvements he made to the building. However, Eiler was represented by an attorney during the negotiations with Kandiyohi over the

purchase of the property. He signed the documents of sale. Kandiyohi's evidence shows that the property was appraised at less than $45,000. The evidence before the Court establishes that there was no taking. Eiler's takings claim fails.

**C.     Due Process**

Eiler also contends that the transaction violated his right to due process. He apparently relies on the substantive component of the due process clause, which prohibits abuses of power by governmental entities. However, there is no evidence in the record of any abuse of power, much less action on the part of Kandiyohi that shocks the conscience. See, e.g., Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trustees, 558 F.3d 731, 736 (8th Cir. 2009) (finding that, to prevail on substantive due process claim, plaintiff must show that entity's action "shocks the conscience"). This claim is dismissed.

**D.     Deceptive Trade Practices Act**

Eiler's final contention is that Kandiyohi violated Minnesota's Deceptive Trade Practices Act ("DTPA"), Minn. Stat. § 325D.43 et seq. The DTPA applies to the sale and marketing of goods and services, not to the sale of real property. See id. § 325D.44 (listing prohibited conduct, all involving goods or services). The DTPA claim must be dismissed.

**E.     Motion for Preliminary Injunction**

Eiler has failed to establish that he is likely to succeed on the merits of any of his claims. Indeed, the Court has determined that summary judgment against Eiler is warranted on all of his claims. Eiler's request for an injunction must therefore be denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Preliminary Injunction (Docket No. 3) is **DENIED**; and

2. Defendant's Motion for Summary Judgment (Docket No. 9) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 1, 2009

s/Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
